■ Jon Sidrawski, Appellant, v Jose Martinez et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from an order of the Supreme Court, Kings County, dated May 4, 1979, which denied his motion for leave to increase the *ad damnum* clause of the complaint from $100,000 to $1,000,000. Order affirmed, without costs or disbursements. In our opinion Special Term did not abuse its discretion. Plaintiff's moving papers failed to advise the court of the fact that, as stated in the opposition papers, "It should be noted that the plaintiff has made three previous applications to the court for similar relief." Plaintiff has submitted no reply affidavit explaining the nature of the three prior applications the dispositions thereon, and how this application is different from the prior applications. O'Connor, J. P., Mangano, Rabin and Gibbons, JJ., concur.

■ Lillian Spodek et al., Respondents, v Henry Epstein, Appellant, et al., Defendant.—In negligence actions to recover damages for personal injuries, etc., defendant Epstein appeals from a judgment of the Supreme Court, Kings County, entered November 28, 1978, which, *inter alia,* is in favor of plaintiff Lillian Spodek in the amount of $100,000 and in favor of plaintiff Joseph Balzano in the amount of $10,000, upon a jury verdict. Judgment modified, on the law, by (1) deleting therefrom the provision in favor of plaintiff Lillian Spodek and substituting therefor a provision severing the action of said plaintiff against appellant and granting a new trial with respect thereto limited to the issue of damages only unless said plaintiff serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $40,000, and (2) deleting therefrom the provision in favor of plaintiff Joseph Balzano and substituting therefor a provision severing the action of said plaintiff against appellant and granting a new trial with respect thereto limited to the issue of damages only unless said plaintiff serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $7,500. As so modified, judgment affirmed, without costs or disbursements. The time for plaintiffs Lillian Spodek and Joseph Balzano to serve and file their respective stipulations is extended until 20 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. In the event said plaintiffs, or either of them, so stipulate, then the judgment, as so reduced and amended, is affirmed as to said plaintiffs or plaintiff, without costs or disbursements. In our opinion, the verdicts in favor of plaintiffs Lillian Spodek and Joseph Balzano were excessive to the extent indicated herein. O'Connor, J. P., Gulotta, Cohalan and Margett, JJ., concur.